UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STANLEY R. HAIG,                :
                                :
    Plaintiff,                  :
                                :
    v.                          :       Civil No. 3:06CV254(DFM)
                                :
CUMBERLAND FARMS, INC.,         :
                                :
    Defendant.                  :
_____ :

## RULING ON MOTION FOR SUMMARY JUDGMENT

On February 6, 2004, the plaintiff, Stanley Haig, fell outside one of defendant Cumberland Farms, Inc.'s stores during or after a snowstorm. He alleges the defendant was negligent in failing to remove the snow in a timely manner. The defendant has moved for summary judgment.[1] For the reasons set forth below, the Defendant's Motion for Summary Judgment is DENIED.

Summary judgment may be granted where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See, e.g., Gorman v. Consol. Edison Corp., 488 F.3d 586, 595 (2d Cir. 2006). When reviewing a motion for summary judgment, the court "constru[es] the evidence in the light most favorable to the non-moving party and draw[s] all reasonable inferences in its favor." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005).

---

[1] On October 10, 2006, Chief Judge Robert N. Chatigny approved the parties' consent to jurisdiction before the undersigned. See Doc. # 24.

1

Nevertheless, a party cannot avoid the entry of summary judgment merely by offering "conclusory statements, conjecture, or speculation."  Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996).  "When a motion for summary judgment is properly made and supported, an adverse party . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

It is undisputed that, around 6:00 a.m, on February 6, 2004, the plaintiff sustained personal injuries when he slipped and fell as he exited a Cumberland Farms store located in Meriden, Connecticut.  It also is undisputed that, before the plaintiff fell, it had been snowing in Meriden.

What is material and disputed is whether and when the snow had stopped.  According to the plaintiff, the defendant was negligent in that it failed to comply with its legal duty to remove the ice and snow prior to the time he fell.  See generally Pl.'s Objection (Doc. # 47).  The defendant maintains that the record unequivocally indicates that it was still snowing at the time plaintiff fell, and that it therefore had not breached its legal duty to remove the snow.  See, e.g., Def.'s Reply (Doc. #48) at 1.

Under Connecticut law,

> a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow

> and ice, may await the end of a storm and a reasonable
> time thereafter before removing ice and snow from
> outside walks and steps.  To require a landlord or
> other inviter to keep walks and steps clear of
> dangerous accumulations of ice, sleet or snow or to
> spread sand or ashes while a storm continues is
> inexpedient and impractical.  Our decision, however,
> does not foreclose submission to the jury, on a proper
> evidentiary foundation, of the factual determinations
> of whether a storm has ended or whether a plaintiff's
> injury has resulted from new ice or old ice when the
> effects of separate storms begin to converge.

Kraus v. Newton, 211 Conn. 191, 197-98 (1989 (footnote omitted).

Accordingly, the question for the court becomes whether the record contains materially conflicting evidence which indicates there was an "ongoing storm" at the time of the plaintiff's fall. If a material factual dispute exists as to whether there was an "ongoing storm" or "whether, under the circumstances, a reasonable time for taking action to remove the snow had passed," then summary judgment cannot be entered. Rapp v. Casey, 2007 WL 3261541 * 3 (Conn. Super. 2007).

The record in this case indicates the existence of such a dispute. The defendant offers certified, expert weather reports and witness statements which suggest that it was snowing in Meriden more than one hour after the plaintiff's fall. If true, under Kraus v. Newton, the defendant cannot be said to have violated its legal duty and therefore was not negligent in failing to clear the walkway where plaintiff fell. See, e.g., Sinert v. Olympia & York Development Co., 38 Conn. App. 844, 850

3

(1995) ("a landowner's duty to remedy the effects of a storm do not arise until the end of a storm and a reasonable time thereafter").

By contrast, the plaintiff asserts there was no precipitation when he fell. See Aff. of Stanley Haig (appended to Doc. # 47 as Ex. B). He supports this allegation with his own affidavit as well as the March 3, 2006 handwritten statement of Cumberland Farms employee James T. Andrews. See Doc. # 47 at Ex. A. Mr. Andrews states: "It was not snowing at the time Stanley bought a bottle of soda and left." This statement contradicts the defendant's evidence. Moreover, while the defendant may be correct in asserting that Mr. Andrews' written statement is not admissible at trial, that statement does suggest the existence of a material factual issue as to which Mr. Andrews himself can testify at trial. See Sinert, 38 Conn. App. 850 ("Kraus makes clear that, absent unusual circumstances, the only factors to be considered are whether a storm was ongoing at the time of the accident and the plaintiff's status as an invitee.").

The Defendant's Motion for Summary Judgment is DENIED.

SO ORDERED.

Dated at Hartford, Connecticut, this 14th day of March, 2008.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

4